NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000154**
**13-APR-2018**
**10:52 AM**

NO. CAAP-18-0000154

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
$61,592.24 IN U.S. CURRENCY; TWO GREEN COLORED "FISH HUNTER" GAMBLING MACHINES, ESTIMATED VALUE: $5,000.00 EACH; ONE BLUE COLORED "OCEAN KING" GAMBLING MACHINE, ESTIMATED VALUE: $5,000.00 EACH; ONE ORANGE COLORED "TREASURES" GAMBLING MACHINE, ESTIMATED VALUE: $5,000.00; SIX BLACK COLORED "SPOOKY NUDGE" GAMBLING MACHINES, ESTIMATED VALUE: $2,500.00 EACH; FIVE BLACK COLORED "GOLDSTAR" GAMBLING MACHINES, ESTIMATED VALUE: $2,500.00 EACH; TOTAL ESTIMATED VALUE: $109,092.24, Defendants-Appellees,
and
GLENN HARAGUCHI; LANCE YAMADA; and
LUCKY G ENTERPRISES, INC., Claimants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P. NO. 17-1-0027)

ORDER GRANTING MARCH 28, 2018 MOTION TO DISMISS APPELLATE COURT CASE NUMBER CAAP-18-0000154 FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellant State of Hawaii's (the State) March 28, 2018 "Notice of Withdrawal of Appeal" in appellate court case number CAAP-18-0000154 for lack of appellate jurisdiction, which we deem to be a motion by the State to voluntarily dismiss its own appeal, and (2) the lack of any memorandum by Claimant-Appellee Lucky G Enterprises, Inc. (Lucky G Enterprises), it appears that the State correctly asserts that we lack appellate jurisdiction over the State's appeal from the Honorable Greg K. Nakamura's February 12, 2018

interlocutory "Findings of Fact, Conclusions of Law, and Order Granting Claimant Lucky G Enterprises, Inc.'s Motion for Summary Judgment in Favor of Claimant as to the State of Hawaii's Verified Petition" (the February 12, 2018 interlocutory order) in S.P. No. 17-1-0027, because the circuit court has not yet reduced the February 12, 2018 interlocutory order to a separate judgment that resolves all claims as to all parties.

Hawaii Revised Statutes (HRS) § 641-1(a) (2016) authorizes appeals to the Hawaiʻi Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." The Hawaiʻi Rules of Civil Procedure such as HRCP Rule 58 apply to, among other things, "[p]roceedings for the forfeiture of property for violation of a statute[.]" HRCP Rule 81(b)(6). The Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008).

In the instant case, the February 12, 2018 interlocutory order does not, on its face, appear to resolve all claims as to all parties (e.g., the February 12, 2018 interlocutory order does not expressly resolve the State's petition as to Claimants-Appellees Glenn Haraguchi and Lance Yamada). More importantly, the circuit court has not yet reduced the circuit court's dispositive rulings to a separate judgment, as HRS § 641-1(a) and HRCP Rule 58 require for an appeal from a civil circuit court case under the holding in Jenkins. Absent an appealable final judgment, we lack appellate jurisdiction, and the State's appeal is premature.

Although the State filed a March 28, 2018 notice of withdrawal of its appeal for lack of appellate jurisdiction, Rule 42 of the Hawaiʻi Rules of Appellate Procedure (HRAP) does not authorize an appellant to unilaterally withdraw an appeal, but, instead, HRAP Rule 42 authorizes the voluntary dismissal of an appeal as follows:

> Rule 42. Dismissal
>     (a) Dismissal before the appeal is docketed. If an appeal has not been docketed, the appeal shall be dismissed upon the filing of a stipulation for dismissal signed by all the parties and approved by the appellate court. Upon motion and notice by the appellant, the appellate court may dismiss the appeal upon terms fixed by the court.
>     (b) Dismissal in the appellate courts. If the parties to a docketed appeal or other proceeding sign and file a stipulation for dismissal, specifying the terms as to payment of costs, and pay whatever fees are due, the case shall be dismissed upon approval by the appellate court, but no mandate or other process shall issue without an order of the court. Upon motion and notice, the appellate court may dismiss the appeal upon terms fixed by the appellate court.
>     (c) Special Requirements for Criminal Appeals. In a criminal appeal by a defendant, the stipulation or motion for dismissal of the appeal shall be supported by the defendant's affidavit or declaration that reflects a knowing and intelligent understanding of the consequences of the dismissal of the appeal and that the withdrawal is made voluntarily. In circumstances where the defendant cannot be located after a diligent effort, the circumstances of the effort shall be set forth in an affidavit or declaration of counsel in support of the stipulation or motion.

(Emphases added). Based on HRAP Rule 42, we deem the State's March 28, 2018 notice of withdrawal to be, in effect, a motion by the State to voluntarily dismiss its own appeal.

Therefore, IT IS HEREBY ORDERED that the State's March 28, 2018 motion to voluntarily dismiss its own appeal is granted, and appellate court case number CAAP-18-0000154 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, April 13, 2018.

Presiding Judge

Associate Judge

Associate Judge